UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO MIRELES GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.: 3:26-cv-0586-CAB-SBC<br><br>**ORDER REQUIRING RESPONSE TO PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner Marco Mireles Gutierrez ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] He claims that he is being unlawfully detained in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. [*Id.* at 9, 10.] He seeks immediate release from custody, or at minimum, a bond hearing. [*Id.* at 11.]

Petitioner is a Mexican national who entered the United States without inspection in 1990 and has lived here continuously since. [*Id.* at 7.] On January 9, 2026, he was detained by Immigrations and Customs Enforcement ("ICE") agents in San Diego, California and placed in removal proceedings the next day. [*Id.*] Because Petitioner has lived in the United States for several years, he claims he is not lawfully detained under 8 U.S.C. § 1225; instead, he argues his detention must proceed under 8 U.S.C. § 1226(a), entitling him to an individualized bond hearing. [*Id.* at 10.]

In multiple other cases before this Court, Respondents have represented that similarly situated habeas petitioners were entitled to bond hearings pursuant to 8 U.S.C. § 1226(a) following the final judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Accordingly, the Court **ORDERS** Respondents to notify the Court by **February 5, 2026** whether they adopt the same position here and agree that Petitioner is entitled to a bond hearing by **February 17, 2026**. Once Respondents confirm Petitioner has received an individualized bond hearing, the Court will dismiss the case. If Respondents do not agree, the Court **ORDERS** a response to the Petition by **January 9, 2026**. Petitioner may then file a reply by **January 12, 2026**.

Additionally, to maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[1] The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition and this order.

It is **SO ORDERED**.

Dated: February 2, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).